## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

BOBBIE CLEAVLAND,      )
                    )
                    )
      Plaintiff,     )
                    )
vs.                  )    CASE NO. CV-2005-_*1529*_
                    )
                    )    JURY TRIAL DEMANDED
FIDELITY & GUARANTY LIFE    )
INSURANCE COMPANY/     )
OLD MUTUAL FINANCIAL     )
NETWORK,            )
ALVERTIS DIXON and      )

other entities whose true names and identities are unknown to the Plaintiff at this time, who may be legally responsible for the claims set forth herein and who may be added by Amendment by the Plaintiff when their identities are accurately ascertained by further discovery. Until that time, the Plaintiff will designate these parties in accordance with Alabama Rule of Civil Procedure 9(h). The word entity as used herein is intended to refer to and include all legal entities, including individual persons, any and all forms of partnerships, and any and all types of corporations and unincorporated associations. The symbol by which these party Defendants are designated is intended to include more than one entity in the event that discovery reveals that the description or characterization of the symbol applies to more than one entity. In the present action, the party Defendants will include at this time, by description or characterization, the following:  A, B, and C are entities who committed bad faith as set out in the Plaintiff's Complaint; D, E, and F are persons or entities who breached the contract of insurance as set out in Plaintiff's Complaint; G, H, and I are persons or entities who are the corporate parents or successors of Defendants who controlled the actions of the Defendants and or agents who participated in the breach of contract and/or bad faith as set out in Plaintiff's Complaint; J, K, and L are persons or entities who are otherwise responsible for the damages suffered by the Plaintiff as set out in the Complaint,    )
                    )
      Defendants.     )

## COMPLAINT

    COMES NOW the Plaintiff, Bobbie Cleavland, by and through her undersigned attorney, and as basis for the relief prays for and states as follows:

### JURISDICTIONAL ALLEGATIONS

    1.    The Plaintiff, Bobbie Cleavland, is a citizen of and domiciled in Montgomery,

Montgomery County, Alabama, at all material times relevant to the allegations of this Complaint.

2.      Upon information and belief, Defendant Alvertis Dixon is a citizen of and domiciled in Montgomery, County, Alabama, at all times relevant to the allegations in this Complaint.

3.      Upon information and belief, Defendant Fidelity & Guaranty Life Insurance Company/Old Mutual Financial Network is a foreign corporation doing business in Alabama. The Defendant is subject to the jurisdiction of this Court because it conducts business within this State and Circuit and has committed a tort within the State and Circuit as alleged herein.

4.      Defendant Alvertis Dixon was the agent of record for Defendant Fidelity & Guaranty Life Insurance Company/Old Mutual Financial Network and sold the subject policy to Plaintiff Bobbie Cleavland.

### GENERAL FACTUAL ALLEGATION

5.      Plaintiff restates and incorporated by reference every material allegation made in the above paragraphs.

6.      Plaintiff Bobbie Cleavland (hereinafter referred to as Cleavland) had taken a life insurance policy on her son, Bertram L. Cleavland (hereinafter referred to as Decedent). Said policy of life insurance (Policy No.: 3203749) was purchased through the Defendants, Fidelity & Guaranty Life Insurance Company/Old Mutual Financial Network (hereinafter referred to as Fidelity) and Alvertis Dixon (hereinafter referred to as Dixon).

7.      The policy purchased by Plaintiff provided an accidental death on Plaintiff's Decedent with a benefit of $100,000.00 and listed Plaintiff Cleavland, as beneficiary of said policy.

8.      On or about August 16, 2003, Plaintiff's Decedent passed away.

9.     On or about August 20, 2003, Plaintiff Cleavland made a claim with Defendants Fidelity and Dixon for death benefits arising out of said policy.

10.     On or about November 6, 2003, Defendant Fidelity denied payment of the death benefits arising of said policy.

## COUNT ONE

## BAD  FAITH

11.     Plaintiff restates and incorporated by reference every material allegation made in the above paragraphs.

12.     As stated in paragraph 4, Defendant Fidelity issued a contract of life insurance to Plaintiff.

13.     Defendant Fidelity owes to Plaintiff a duty to act in good faith and fair dealing in administering the payment of death benefits under said policy.

14.     Under the terms of the contract of said life insurance policy, Defendant Fidelity was obligated to pay the death benefits to the Plaintiff.

15.     Defendant Fidelity intentionally refused to pay pursuant to the terms of the life insurance policy.

16.     Defendant Fidelity knew, or should have known that there was no reasonable, legitimate, arguable or debatable reason for denying Plaintiff's claim, that is, no reason that was open to dispute or question.

17.     Defendant Fidelity acted in bad faith in refusing to pay said claim.

WHEREFORE, Plaintiff demands judgment against Defendants Fidelity and Dixon for compensatory and punitive damages as may be determined by a jury, plus costs of this action.

## COUNT TWO

## BREACH OF CONTRACT

18.    Plaintiff restates and incorporated by reference every material allegation made in the above paragraphs.

19.    Plaintiff entered into a valid contract with Defendants Fidelity and Dixon whereby Plaintiff Cleavland agreed to purchase from Defendant Fidelity a life insurance policy.

20.    As part of said agreement, Defendant Fidelity agreed to pay a death benefit to the Plaintiff Cleavland in the event of Decedent's death.

21.    Plaintiff Cleavland paid valuable consideration to Defendants Fidelity and Dixon for the purchase of said life insurance policy.

22.    Plaintiff Cleavland and Defendants Fidelity and Dixon consented to the terms of the contract.

23.    Plaintiff and Plaintiff's Decedent performed their duties under the contract.

24.    Plaintiff was a third party beneficiary of said contract.

25.    Defendants Fidelity and Dixon breached the contract by failing and/or refusing to pay death benefits under the life insurance policy.

26.    As a direct and proximate result of Defendants Fidelity and Dixon's breach of contract, Plaintiff has suffered damages.

WHEREFORE, Plaintiff seeks damages in the amount as determined by a jury sufficient to compensate for the natural and proximate losses of the breach of contract, and any other sums which were reasonably under the contemplation of the parties at the time the contract was made, plus costs of this action.

Respectfully submitted this the __17__ day of June, 2005.

**COCHRAN, CHERRY, GIVENS,
SMITH, LANE & TAYLOR, P.C.**


Terry G. Key (KEY-011)
Attorney for Plaintiff
Post Office Box 927
Dothan, AL 36302
(334) 793-1555


## JURY DEMAND

Plaintiff hereby demands a trial by struck jury of all issues in this action.


Of Counsel


**DEFENDANTS MAY BE SERVED AT:**

Fidelity and Guaranty Life Insurance Company/
Old Mutual Financial Network
CSC Lawyers, Inc.
150 South Perry Street
Montgomery, AL 36104

Mr. Alvertis Dixon
3725 Quenby Drive
Montgomery, AL 36116