IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL 22 A 9:28

| | | |
|---|---|---|
| BOBBIE CLEAVLAND | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CASE NO. 2:05cv655-W |
| | * | |
| FIDELITY & GUARANTY LIFE | * | |
| INSURANCE COMPANY/ | * | |
| OLD MUTUAL FINANCIAL | * | |
| NETWORK, ALVERTIS DIXON, et al. | * | |

NOTICE OF REMOVAL

TO:   THE UNITED STATES DISTRICT COURT
      MIDDLE DISTRICT OF ALABAMA
      NORTHERN DIVISION

Defendant FIDELITY & GUARANTY LIFE INSURANCE COMPANY/OLD MUTUAL FINANCIAL NETWORK ("Fidelity & Guaranty") gives notice pursuant to 28 U.S.C.§§ 1441 and 1446 that this cause is hereby removed from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for this removal, Fidelity & Guaranty shows as follows:

I.   **Procedural Requirements**

1.   An action was commenced against Defendants in the Circuit Court of Montgomery County, Alabama, entitled "*Bobbie Cleavland, Plaintiff vs. Fidelity & Guaranty Life Insurance Company/Old Mutual Financial Network, Alvertis Dixon, [et al.]*" bearing Civil Action Number CV-2005-1529.

2. Service of the initial pleading setting forth Plaintiff's claims for relief was affected upon Defendant Fidelity & Guaranty on June 28, 2005. Notice is filed in the United States District Court for the Middle District of Alabama, Northern Division, within thirty (30) days after the receipt of the Complaint by Defendant Fidelity & Guaranty in accordance with 28 U.S.C. § 1446(b). The Circuit Court of Montgomery County, Alabama is within this Court's district and division; therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441(a) & (b).

3. Defendant Alvertis Dixon was fraudulently joined to defeat diversity, as discussed below, making his consent and/or joinder in this removal unnecessary. *See GMFS, L.L.C. v. Bounds,* 275 F. Supp. 2d 1350, 1353 (M.D. Ala. 2003).

4. The presence of fictitious party defendants in this case has no bearing on diversity with respect to removal. "For the purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(c).

5. The documents attached hereto as Exhibit "A" constitute all of the process, pleadings and orders served upon Defendant Fidelity & Guaranty in this action.

## II. Diversity Jurisdiction

6. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. § 1332 since the parties are diverse and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

7. Plaintiff is now and was at the time of filing the Complaint and at all intervening times a resident citizen of Montgomery County, Alabama, within the Middle District of Alabama. (Compl.)

8. Defendant Fidelity & Guaranty is now and was at the time Plaintiff filed the Complaint and at all intervening times, an insurance company organized under the laws of the State of Maryland and which maintains its principal place of business in the State of Maryland. "Old Mutual Financial Network" is not a corporate entity but rather a brand name under which several related companies, including Fidelity & Guaranty, operate.

9. Plaintiff also purports to state a claim for breach of contract against Defendant Alvertis Dixon who is a resident citizen of Alabama. (Compl., ¶¶ 2, 18-26.) However, as set forth below, Defendant Dixon is fraudulently joined for the sole purpose of destroying diversity, and thus, his citizenship must be disregarded for the purposes of determining jurisdiction. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996).

10. Although the Complaint fails to set forth a specific amount of money damages, the value of the matter in controversy clearly exceeds $75,000.00. *See, e.g., Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 947-48 (11th Cir. 2000); *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996)(holding that where damages are unspecified, the preponderance of the evidence standard applies), *overruled on other grounds by Office Depot v. Cohen*, 204 F.3d 1069 (11th Cir. 2000). The time to ascertain whether the requisite jurisdictional amount exists is the time the Notice of Removal is filed. *See Sierminski*, 216 F.3d at 949. *See also Jeffries v. Silvercup Bakers, Inc.*, 434 F.2d 310 (7th Cir. 1970).

11. Plaintiff's Complaint alleges that Defendants denied her death benefits arising out of a life insurance policy on the life of her son Bertram L. Cleavland. (Compl. ¶ 6.) Plaintiff asserts counts for bad faith and breach of contract, demanding punitive and compensatory damages in an undisclosed amount. (Compl. ¶¶ 11-26.) Without acknowledging that Plaintiff is entitled to any relief, the alleged amount in controversy exceeds the sum of $75,000.00,

exclusive of interest and costs.

12.  The determination of whether the requisite amount in controversy exists is a federal question; however, state law is relevant to this determination insofar as it defines the nature and extent of the right Plaintiff seeks to enforce. This undertaking therefore includes applying state law rules regarding the applicable measure of damages and the availability of special and punitive damages. *See Caster v. Hennissey*, 781 F.2d 1569 (11th Cir. 1986).

13.  When determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered, unless it is apparent to a legal certainty that such damages cannot be recovered. *See Holly Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir. 1987). *See also Swafford v. Transit Cas. Co.*, 486 F. Supp. 175, 177 (N.D. Ga. 1980) (citing *Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 64 S. Ct. 5 (1943)).

14.  Also, under Rule 54(c) of the Alabama Rules of Civil Procedure, Plaintiff is not limited to the relief sought in the Complaint and is permitted to recover damages even greater than those sought in the Complaint. *See Fuller v. Preferred Risk Life Ins. Co.*, 577 So. 2d 878, 883-884 (Ala. 1991) (holding that it was error for court to reduce $1,000,000.00 verdict in fraud action to the $250,000.00 sum sought in plaintiff's complaint); *General Motors Acceptance Corp. v. Covington*, 586 So. 2d 178, 183 (Ala. 1991) (affirming verdict of $75,000.00 where claimant sought only $7,855.68 in complaint); *Breland v. Ford*, 693 So. 2d 393, 397 (Ala. 1996) (upholding verdict for $2,000,000.00 where complaint sought only $1,000,000.00). The language of Rule 54(c) of the Federal Rules of Civil Procedure is identical and has been treated similarly. *See, e.g., Sapp v. Renfroe*, 511 F.2d 172 (5th Cir. 1975); *Eastern Federal Corporation v. Avco-Embassy Pictures Corp.*, 331 F. Supp. 1253 (N.D. Ga. 1971).

15.  In a case alleging wrongful denial of insurance benefits, the initial inquiry for

determining the amount in controversy for diversity jurisdictional purposes is whether the face value of the policy exceeds $75,000. It is "the validity of the policy or the scope of coverage for a claim that put[s] the face amount of the policy at issue[;]" the face value of the policy dictates whether the amount in controversy is satisfied. *Friedman v. New York Life Ins. Co.*, No. 04-11401, 2005 WL 1324593, at *6 (11th Cir. June 6, 2005) (citing *Guardian Life Ins. Co. v. Muniz*, 101 F.3d 93 (11th Cir. 1996); *C.E. Carnes & Co., Inc. v. Employers' Liability Assur. Corp.*, 101 F.2d 739 (5th Cir. 1939); *New York Life Ins. Co. v. Swift*, 38 F.2d 175 (5th Cir. 1930)). As the face amount of the policy in this case that Plaintiff claims to have purchased and under which she claims she is entitled to benefits is $100,000, the jurisdictional threshold is satisfied. (Application for Insurance attached as Exhibit "B".)

16. Additionally, verdicts exceeding $75,000.00 have been entered and affirmed in cases alleging bad faith breach of an insurance contract, the two claims Plaintiff has alleged here. *See, e.g., National Ins. Assoc. v. Sockwell*, 829 So. 2d 111 (Ala. 2002) (affirming compensatory award of $201,000.00 and punitive damages award of $600,000.00 for complaint alleging bad faith in investigating and delaying payment of insurance claim); *Acceptance Ins. Co. v. Brown*, 832 So. 2d 1 (Ala. 2001) (holding that the maximum amount of punitive damages in this bad faith case was $180,000.00, three times the compensatory damages); *Ogden v. Auto Owners Insurance Company*, 667 So.2d 743 (Ala. 1995) ($500,000.00 verdict in case alleging bad faith); *Affiliated FM Ins. Co. v. Stephens*, 641 So.2d 780 (Ala. 1994)(upholding $250,000.00 award of punitive damages on bad faith claim); *United Services Automobile Association v. Wade*, 544 So. 2d 906 (Ala. 1989) (allowing punitive damage award of $2,500,000.00 on bad faith claim); *Aetna Ins. Co. v. Lavoie*, 505 So. 2d 1050 (Ala. 1987) (allowing punitive damage award of $500,000.00 on bad faith claim); *Nationwide Mut. Ins. Co. v. Clay*, 469 So.2d 533 (Ala. 1985)

(jury award of $1,250,000.00 on bad faith claim on disability policy).

17.  Although Plaintiff does not specifically allege mental anguish, such a claim may be an element of compensatory damages sought by her. Mental anguish damages may be awarded under proper circumstances in a bad faith action. *Chavers v. National Sec. Fire & Cas. Co.*, 405 So. 2d 1 (Ala. 1981). There is no fixed standard for ascertaining what are adequate compensatory damages for mental anguish, and the determination of how much to award is left to the sound discretion of the jury. *New Plan Realty Trust v. Morgan*, 792 So. 2d 351, 363 (Ala. 2000). Several Alabama decisions demonstrate that an award of compensatory damages for mental anguish, alone, can easily exceed the jurisdictional requirement of $75,000.00. *See Horton Homes, Inc. v. Brooks*, 832 So. 2d 44 (Ala. 2001) (upholding approximately $138,000.00 in mental-anguish damages); *Orkin Exterminating Co. v. Jeter ex rel. Jeter*, 832 So. 2d 25 (Ala. 2001) ($200,000 for mental anguish of relatively short nine month duration); *AutoZone, Inc. v. Leonard*, 813 So. 2d 1179 (Ala. 2001) (evidence supported award of $75,000 in compensatory damages, most of which was for mental anguish and emotional distress); *Wal-Mart Stores, Inc. v. Goodman*, 789 So.2d 166, 178 (Ala. 2000) ($200,000 compensatory-damages award for mental anguish upheld in malicious-prosecution case); *Prudential Ballard Realty Co., Inc. v. Weatherly*, 792 So. 2d 1045 (Ala. 2000) (award of $250,000 in compensatory damages, most of which was compensation for mental anguish, held not excessive in prospective vendors' action against real estate agent and agency for fraud where prospective vendors suffered financial hardship and were put under a great deal of stress as a result of defendants' actions).

18.  Accordingly, in Alabama a plaintiff may claim and receive a substantial award of compensatory and punitive damages, well in excess of $75,000, involving claims of bad faith and breach of contract. Furthermore, as the Supreme Court noted in *Barry v. Edmunds,* 116 U.S.

6

550, 565, (1886), a case that is still good authority, in tort cases where there are no fixed damages, the jury (not the parties) will determine the amount of the verdict, which the Supreme Court held may exceed the jurisdictional requirements, notwithstanding that one of the parties wants to keep the case in state court:

> [N]othing is better settled than that, in such cases as the present, and other actions for torts where no precise rule of law fixes the recoverable damages, it is the peculiar function of the jury to determine the amount of their verdict.

Given the size of the compensatory and punitive damages recoverable in cases such as the instant one, the amount in controversy exceeds $75,000.

**Fraudulent Joinder**

19. Plaintiff cannot establish a cause of action against Defendant Alvertis Dixon, and he is merely fraudulently joined in this action to defeat federal diversity jurisdiction. Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284 (11th Cir. 1998). The defendant's right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921). This Court may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. *Tedder v. F.M.C. Corp.*, 590 F.2d 115 (5th Cir. 1979); *Brooks v. Paulk & Cope*, 176 F. Supp. 2d 1270 (M.D. Ala. 2001); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255 (M.D. Ala. 2001); *Wright v. American General Life and Acc. Ins. Co.*, 136 F. Supp. 2d 1207 (M.D. Ala. 2001).

20. The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that

the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *Wright v. American General Life and Acc. Ins. Co.*, 136 F. Supp. 2d 1207 (M.D. Ala. 2001). The joinder is fraudulent if the plaintiff fails to state a cause of action against the resident defendant and the failure is obvious according to the settled rules of the state. *Levett v. Independent Life and Acc. Ins. Co.*, 814 F. Supp. 1053 (M.D. Ala. 1993). The federal court makes this determination based upon the plaintiff's pleadings at the time of removal; but the court may consider affidavits and deposition transcripts submitted by the parties. *Crowe v. Coleman*, 113 F.3d 1536 (11th Cir. 1997).

21.     The joinder of Alvertis Dixon[1] as a defendant in this action does not preclude diversity jurisdiction because there is no possibility that Plaintiff can establish any of her causes of action against this Defendant under settled principles of Alabama law. This action arises out of the denial of benefits under a life insurance policy. Plaintiff alleges that Defendant Dixon was the agent of record who sold her the subject life insurance policy. (Compl. ¶ 4.) The only claim Plaintiff asserts against Dixon is found in Count Two of the Complaint for breach of contract. She avers that "Defendants Fidelity and Dixon breached the contract by failing and/or refusing to pay death benefits under the life insurance policy." (Compl. ¶ 25.) Defendant Dixon, however, was not the entity to whom the application for insurance was submitted, nor would he be responsible for paying the insurance benefits if they were due. (Ex. B.) He was simply the producing agent who had no obligation under the policy or the conditional receipt to pay the benefits. (Compl. ¶ 4.) Under Alabama law, an agent cannot be held liable for his principal's breach of contract. *See Miller v. Dobbs Mobile Bay, Inc.*, 661 So. 2d 203, 205 (Ala. 1995).

---

1     Upon information and belief, Defendant Dixon is the father of the insured/deceased.

Therefore, Plaintiff cannot sustain an action for breach of the insurance policy against Defendant Dixon.

22.  Inasmuch as Plaintiff is also attempting to assert the tort of bad faith against Defendant Dixon, her claims are equally fraudulent. Such a claim is reminiscent of those tort claims which were attempted but failed in several cases[2] prior to the 1981 Supreme Court of Alabama decision of *Chavers v. National Sec. Fire & Cas. Co.*, 405 So. 2d 1 (Ala. 1981). These cases attempted to impose tort liability for breach of contract to collect extra-contractual damages, though Alabama did not acknowledge such a tort until *Chavers*. The *Chavers* decision recognized the tort of bad faith against an insurance company in the context of denial of a first-party insurance claim. Accordingly, Plaintiff has a tort remedy against the diverse Defendant, Fidelity & Guaranty, and has only included this tort claim against the nondiverse Defendant agent Dixon to destroy diversity.

### IV.  Other Prerequisites for Removal

23.  This action may be removed to this Court by Defendant Fidelity & Guaranty pursuant to 28 U.S.C. § 1441, as amended, because this action is a civil action of which United States District Courts have original jurisdiction under 28 U.S.C. § 1332(a).

24.  Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is filed with the Clerk of the Circuit Court of Montgomery County, Alabama, and written notice of this removal has been served on all adverse parties as required by law.

25.  If any questions arise as to the propriety of the removal of this action, Defendant Fidelity & Guaranty requests the opportunity to present a brief and oral argument in support of

---

[2]  See *Vincent v. Blue Cross-Blue Shield of Alabama*, 373 So. 2d 1054 (Ala. 1979); *Childs v. Mississippi Valley Title Ins. Co.*, 326 So. 2d 726 (Ala. 1976); *Calvert Fire Ins. Co. v. Green*, 180 So. 2d 269 (Ala. 1965).

its position that this cause is removable.

WHEREFORE, Defendant FIDELITY & GUARANTY LIFE INSURANCE COMPANY/OLD MUTUAL FINANCIAL NETWORK, desiring to remove this cause to the United States District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said action is pending, prays that this Court will make any and all orders necessary to effect the removal of this cause from the Circuit Court of Montgomery County, Alabama, and to effect and prepare in this Court the true record of all proceedings that may have been had in the Circuit Court of Montgomery County, Alabama.

Respectfully submitted,

_____
FORREST S. LATTA         (LATTF0526)
CHAD C. MARCHAND         (MARCC5089)
Attorneys for Defendant
Fidelity & Guaranty Life Insurance Company/
Old Mutual Financial Network

OF COUNSEL:

BOWRON, LATTA, & WASDEN, P.C.
P.O. Box 16046
Mobile, AL 36616
Phone: (251) 344-5151
Fax:   (251) 344-9696
E-mail: ccm@bowronlatta.com

CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to participating parties; and, I also hereby certify that I have served *Terry G. Key*, *attorney for plaintiff via his email address* tkey@chochranfirm.com; and, I also hereby certify that I have

mailed the foregoing documents by United States Postal Service to Pro Se party, *Alvertis Dixon, 3725 Quenby Drive, Montgomery, Alabama 36116-0000.*

_____
Chad C. Marchand