IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL 22 A 9: 20

| | | |
|---|---|---|
| **BOBBIE CLEAVLAND** | * | |
| | * | |
| Plaintiff, | * | |
| | * | CASE NO. 2:05cv655-W |
| v. | * | |
| | * | |
| **FIDELITY & GUARANTY LIFE** | * | |
| **INSURANCE COMPANY/** | * | |
| **OLD MUTUAL FINANCIAL** | * | |
| **NETWORK, ALVERTIS DIXON, et al.** | * | |

ANSWER

Defendant FIDELITY & GUARANTY LIFE INSURANCE COMPANY/OLD MUTUAL FINANCIAL NETWORK ("Fidelity & Guaranty") responds to Plaintiff's Complaint as follows, with each responsive numbered paragraph below corresponding to the same numbered paragraph in said Complaint:

1. As to the portion of this paragraph which is a statement of residency of the plaintiff, it requires no response from Fidelity & Guaranty.

2. As to the portion of this paragraph which is a statement of residency of Defendant Albertis Dixon, it requires no response from Fidelity & Guaranty.

3. Fidelity & Guaranty admits that it is a foreign corporation doing business in Alabama but denies the remaining allegations of this paragraph and demands strict proof thereof.

4. Fidelity & Guaranty is without sufficient information to form a belief as to the allegations of this paragraph and therefore, it denies the allegations and demands strict proof thereof.

## GENERAL FACTUAL ALLEGATION

5. Fidelity & Guaranty adopts and incorporates by reference herein its answers to the previous paragraphs.

6. Fidelity & Guaranty admits that Plaintiff purchased a life insurance policy, Policy No.: 3203749, from Fidelity & Guaranty insuring the life of Bertram L. Cleavland. Fidelity & Guaranty denies the remaining allegations of this paragraph and demands strict proof thereof.

7. Fidelity & Guaranty avers that the insurance policy speaks for itself and thus, the allegations of this paragraph require no response.

8. Admitted.

9. Admitted.

10. Admitted.

## COUNT ONE
## BAD FAITH

11. Fidelity & Guaranty adopts and incorporates by reference herein its answers to the previous paragraphs.

12. Admitted.

13. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

14. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

15. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

16. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

17. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

Fidelity & Guaranty denies each and every averment of the unnumbered paragraph following paragraph 17, and specifically denies that Plaintiff is entitled to any damages from Fidelity & Guaranty and demands strict proof thereof.

## COUNT TWO
## BREACH OF CONTRACT

18. Fidelity & Guaranty adopts and incorporates by reference herein its answers to the previous paragraphs.

19. Admitted.

20. Fidelity & Guaranty avers that the insurance policy speaks for itself and thus, the allegations of this paragraph require no response.

21. Fidelity & Guaranty admits that Plaintiff paid certain premiums for the subject life insurance policy but denies the remaining portions of this paragraph and demands strict proof thereof.

22. Fidelity & Guaranty avers that the insurance policy speaks for itself and thus, the allegations of this paragraph require no response.

23. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

24. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

25. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

26. Fidelity & Guaranty denies the allegations of this paragraph and demands strict proof thereof.

Fidelity & Guaranty denies each and every averment of the unnumbered paragraph following paragraph 26, and specifically denies that Plaintiff is entitled to any damages from Fidelity & Guaranty and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Fidelity & Guaranty denies each averment in the Complaint that is not specifically admitted or otherwise controverted and demands strict proof thereof. Fidelity & Guaranty denies any averments contained in the preamble, prayer, or in any other parts of the Complaint.

2. Plaintiff's claims, in whole or in part, fail to state a claim upon which relief can be granted against Fidelity & Guaranty.

3. Fidelity & Guaranty denies that Plaintiff is entitled to any recovery, award, or damages whatsoever from Fidelity & Guaranty as alleged in the Complaint.

4. Plaintiff's claims are barred by the express language of the contract of insurance.

5. Plaintiff's claims are barred or limited by the doctrine of reasonable reliance.

6. Plaintiff's claims are barred or limited by the parol evidence rule.

7. Plaintiff's claims are barred, in whole or in part, for failure to mitigate damages.

8. Plaintiff's claims are barred because Fidelity & Guaranty has a justifiable or otherwise arguable basis for decisions made as to Plaintiff's claims under the insurance policies.

9. Plaintiff is not entitled to an award of damages for any purported mental anguish.

10. Plaintiff's Complaint is or may be subject to the further defenses of waiver, estoppel, mistake, and absence of duty.

11. Plaintiff's Complaint is or may be subject to the defenses of fraud and/or unclean hands.

12. Plaintiff's Complaint fails due to Plaintiff's failure to perform all conditions precedent.

13. Plaintiff's Complaint fails because she has no policy of insurance with this defendant.

14. The expiration of the conditional receipt precludes Plaintiff's Complaint for benefits.

15. Plaintiff's Complaint is barred by the absence of a duty on the part of Defendants as stated in *State Farm Fire and Cas. Co. v. Owen*, 729 So. 2d 834, 843-44 (Ala. 1998).

16. Plaintiff is not entitled to punitive damages.

17. The amount punitive damages (if any) is a question of law, and not a fact question for the jury; accordingly plaintiff's request for a jury trial on that issue is due to be stricken or, in the alternative, the jury verdict is not entitled to any weight or deference whatsoever, pursuant to *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

18. The imposition of punitive damages would violate the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and deprive defendant of the right to equal protection under the law as provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, insurance companies are the only defendants subjected to punitive damages under Alabama law for breach of the implied duty of

good faith which exists in every contract -- a distinction that is under-inclusive and not rationally tailored to accomplish a legitimate state interest.

19. The imposition of punitive damages against this defendant would violate the "right of access to the courts" and the "right to seek assistance of counsel," as guaranteed by the First and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 6 and 22 of the Alabama Constitution because it punishes an insurance company for seeking judicial resolution of a dispute by asserting non-frivolous legal defenses to an insurance claim.

20. The award of any punitive damages under these allegations would violate the prohibition against laws that impair the obligations of contracts in violation of the Contract Clause, Article I § 10, cl. 1, of the United States Constitution and Article I, § 22, of the Alabama Constitution in that plaintiffs' allegations are in derogation of the terms of the written contract that was contractually agreed upon by the plaintiffs and defendants.

21. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

22. The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Alabama Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

23. Plaintiff's claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct.

1513 (2003).

24.     Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

(a)     It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

(b)     It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

(c)     It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

(d)     It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

(e)     It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

(f)  It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

(g)  It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

(h)  It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

(i)  It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

(j)  It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

(k)  It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

(l) It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

(m) The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

(n) The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

(o) The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

DEFENDANT DEMANDS TRIAL BY STRUCK JURY

Respectfully submitted,

_____
FORREST S. LATTA         (LATTF0526)
CHAD C. MARCHAND         (MARCC5089)
Attorneys for Defendant
Fidelity & Guaranty Life Insurance Company/
Old Mutual Financial Network

OF COUNSEL:

BOWRON, LATTA, & WASDEN, P.C.
P.O. Box 16046
Mobile, AL 36616
Phone: (251) 344-5151
Fax:   (251) 344-9696
E-mail: ccm@bowronlatta.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to participating parties; and, I also hereby certify that I have served *Terry G. Key, attorney for plaintiff via his email address tkey@chochranfirm.com*; and, I also hereby certify that I have mailed the foregoing documents by United States Postal Service to Pro Se party, *Alvertis Dixon, 3725 Quenby Drive, Montgomery, Alabama 36116-0000.*

Chad C. Marchand