# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **BOBBIE CLEAVLAND,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 2:05cv655(W) |
| | ) |
| **FIDELITY & GUARANTY LIFE** | ) |
| **INSURANCE COMPANY/** | ) |
| **OLD MUTUAL FINANCIAL** | ) |
| **NETWORK,** | ) |
| **ALVERTIS DIXON, et al.,** | ) |
| | ) |
| Defendants. | ) |

_____

## MOTION TO REMAND

**COMES NOW** the Plaintiff, in the above-styled cause and requests this Honorable Court to remand this case to Montgomery County Circuit Court based on the following:

1. Plaintiff filed the Complaint against Fidelity and its local agent, Alvertis Dixon. Dixon was the agent of record for the subject policy. The subject policy is a $100,000.00 life insurance policy on decedent, Bertram L. Cleavland, with Bobbie Cleavland as beneficiary.

2. Defendants allege that agent Dixon was fraudulently joined so as to defeat Federal diversity jurisdiction. Defendants then filed removal to United States District Court, Middle District of Alabama, Northern Division.

3.  Defendants' denial of benefits of the subject policy was based on the grounds that decedent failed to obtain paramedical exam. (See November 6, 2003, letter attached as Exhibit "A").

4.  Plaintiff alleges that Defendant Dixon, as agent, was the party responsible for obtaining the examiner for paramedical exam. Plaintiff expects the evidence to show that it is not the responsibility of the policy purchaser to provide a medical examiner, but rather the agent of the insurance company to coordinate said exam.

5.  Defendant Dixon failed to coordinate the paramedical exam on behalf of Defendant Fidelity.

6. Contrary to Defendant Fidelity's assertions, Plaintiff can establish a cause of action against Defendant Dixon.

## FRAUDULENT JOINDER

7.  The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined; the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir.1998).* If the removing party fails in an attempt to demonstrate the existence of a fraudulently joined party, then the case must be remanded to state court. *See Bolling v. Union Nat'l Life Ins. Co., 900 F. Supp. 400, 407 (M.D. Ala. 1995)*.

8.   In evaluating whether there has been fraudulent joinder of defendant to defeat removal based on diversity jurisdiction, all allegations and submissions must be viewed in light most favorable to plaintiff and district court should resolve all questions of fact and controlling law in favor of plaintiff. 28 U.s.C.A. § 1332(a)(1).

9.   Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed2d 391 (1994); *Burns v. Windsor Insurance Co.* 31 F.3d 1092, 1095 (1994); *Wymbs v. Republican State Executive Committee,* 719 F.2d 1072, 1076 (11th Cir.1983), *cert. denied,* 465 U.S. 1103, 104 S.Ct. 1600, 80 L.Ed2d 131 (1984). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen,* 511 U.S. at 377, 114 S.Ct. 1673. Because federal court jurisdiction is limited, the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear. *See Burns,* 31 F.3d at 1095.

WHEREFORE, Plaintiff requests this action be remanded to Montgomery County, Alabama, Circuit Court; or in the alternative, allow Plaintiff to amend her Complaint to specifically allege each and every fact that Defendant Dixon did, or failed to do, that would give rise to his liability.

Dated this the  15th  day of August, 2005.

                COCHRAN, CHERRY, GIVENS,
                SMITH, LANE & TAYLOR, P.C.

                /s/ Terry G. Key
                Terry G. Key  (KEY-011)
                Attorney for Plaintiff
                Post Office Box 927
                Dothan, Alabama 36302
                (334) 793-1555

## Certificate of Service

I certify that a copy of the foregoing document has been served upon the following counsel of record by placing a copy of same in the United States mail, postage prepaid, this the  15th  day of August, 2005:

Forrest S. Latta, Esq.
Chad C. Marchand, Esq.
Bowron, Latta & Wasden, P.C.
Post Office Box 16046
Mobile, AL  36616

                /s/ Terry G. Key
                Of Counsel



**OLD MUTUAL**
FINANCIAL NETWORK

Old Mutual Financial Network
1001 Fleet Street
Baltimore, Maryland 21202
PH 410.895.0100
1.888.697.LIFE

FIDELITY & GUARANTY LIFE
FIDELITY & GUARANTY LIFE OF NEW YORK
AMERICOM LIFE & ANNUITY

November 6, 2003


Ms. Bobbie Cleveland
5561 E. Shades Valley Drive
Montgomery, AL 36104


RE: Application 3203749
    Proposed Insured: Burtram Cleveland
    Date of Application: June 15, 2003
    Date of Policy Issue: N/A
    Date of Death: August 16, 2003


Dear Ms. Cleveland:

Thank you for your cooperation as we reviewed Mr. Cleveland's notice of death which was reported to F&G on August 20. His death occurred before the requirements necessary to consider his application for life insurance were completed. For that reason, no policy could be considered for issuance.

As you are aware from the Final Intent To Close Notification letter dated August 5, 2003 there were outstanding requirements of a paramedical exam, urine specimen, and signed HIV consent form. The letter was addressed to you as owner of this proposed insurance. These requirements had originally been requested on June 25, 2003.

There is no death benefit available in conjunction with this application because the terms of the Life Insurance Conditional Receipt were not met. The receipt states that 'no insurance will be provided unless and until all medical examinations, tests, and other screenings required by the Company are completed and received at our Home Office within 60 days from the date of the completion of the application.'

A check representing a full refund of any premiums paid in conjunction with this application will be mailed under separate cover from our Greenville, S.C. service center within the next 20 business days, if it has not already been mailed to you.

If you have any questions about this letter, please write to me at the address above or fax below.


www.omfn.com