IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **BOBBIE CLEAVLAND** | * |
| | * |
|    **Plaintiff,** | * |
| | * |
| v. | *   CV-02:05CV655-W |
| | * |
| **FIDELITY & GUARANTY LIFE** | * |
| **INSURANCE COMPANY/** | * |
| **OLD MUTUAL FINANCIAL** | * |
| **NETWORK, ALVERTIS DIXON, et al.** | * |

DEFENDANT FIDELITY & GUARANTY'S
RESPONSE TO PLAINTIFF'S MOTION TO REMAND

Defendant FIDELITY & GUARANTY LIFE INSURANCE COMPANY/OLD MUTUAL FINANCIAL NETWORK ("Fidelity & Guaranty") responds to Plaintiff's Motion to Remand as follows:

Plaintiff asserts only two causes of action in her Complaint, breach of contract and bad faith, neither of which is a cognizable claim against Defendant Alvertis Dixon. Thus, subject matter jurisdiction rests with this Court and the Motion to Remand is due to be denied.

By failing to respond in any meaningful way to Fidelity & Guaranty's removal petition other than to simply state that the "Plaintiff expects the evidence to show" certain facts, Plaintiff tacitly admits to the fraudulent joinder of Defendant Alvertis Dixon. Plaintiff cannot defeat jurisdiction by simply asserting factual allegations in a Motion to Remand that were not asserted in the complaint at the time of removal nor even included as a basis for the counts averred in the Complaint. *See*

*Howell v. Circuit City*, 330 F.Supp.2d 1314, 1317 (M.D. Ala.2004) ("It is well established that the court's diversity jurisdiction is established at the time the notice of removal is filed.") (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S. Ct. 586, 82 L. Ed. 845(1938)).

The only substantive allegation against Defendant Dixon is found in Count Two of the Complaint. Count Two alleges that Defendant Dixon "breached the contract by failing and/or refusing to pay death benefits under the life insurance policy." It is undisputed, however, that Defendant Dixon is not in privity with either Plaintiff or the deceased as he did not issue the policy of insurance, he is not a signatory of the policy of insurance nor is he responsible for paying the benefits pursuant to the policy of insurance. Defendant Dixon simply acted as the producing agent of the policy. In Alabama, non-parties to an insurance policy cannot be liable for breach of that insurance contract. *See Ligon v. O.M. Hughes Ins., Inc.,* 551 So. 2d 283 (Ala. 1989).

In *Ligon v. O.M. Hughes Ins., Inc.,* 551 So. 2d 283 (Ala. 1989), the plaintiff brought a breach of contract action against the insurer as well as the independent adjuster and its agent for failure to pay insurance benefits, just as Plaintiff did in the present case. The Alabama Supreme Court affirmed summary judgment in favor of the adjuster and agent finding that the undisputed evidence revealed that they were not parties to the subject insurance contract, and thus they could not be in breach of the contract. *Ligon,* 551 So. 2d at 285.

Even liberally construing the Complaint in Plaintiff's favor so as to read the Bad Faith count as also asserting a claim against Defendant Dixon (which it does not), Plaintiff's claim fails.

> As our Supreme Court held in *Ligon v. O.M. Hughes Ins., Inc.,* 551 So. 2d 283 (Ala. 1989), "[t]he tort of 'bad faith' is not a cognizable cause of action in Alabama, except in the context of a breach of an insurance contract . . . *by a party to that insurance contract.*" 551 So. 2d at 285 (emphasis added). Where there is no evidence, as here, that a plaintiff in a bad faith action had an insurance contract with a defendant in the action, a summary judgment in favor of that defendant is proper.

*See id.* The trial court therefore properly entered the summary judgment in favor of [the third party administrator] on [the plaintiff's] bad faith claim.

*Simmons v. Congress Life Ins. Co.,* 791 So. 2d 360, 365 (Ala. Civ. App. 1998) (overruled on other grounds). Thus, Defendant Dixon cannot be held liable under Alabama law for either claim of Plaintiff's two-count Complaint and Defendant Dixon is fraudulently joined in this action.

WHEREFORE Defendant FIDELITY & GUARANTY LIFE INSURANCE COMPANY/OLD MUTUAL FINANCIAL NETWORK respectfully prays that this Court deny Plaintiff's Motion to Remand.

Respectfully submitted,

/s/ Chad C. Marchand
FORREST S. LATTA         (LATTF0526)
CHAD C. MARCHAND    (MARCC5089)
Attorneys for Defendant
Fidelity & Guaranty Life Insurance Company/
Old Mutual Financial Network

OF COUNSEL:

BOWRON, LATTA, & WASDEN, P.C.
P.O. Box 16046
Mobile, AL 36616
Phone: (251) 344-5151
Fax:    (251) 344-9696
E-mail: ccm@bowronlatta.com

CERTIFICATE OF SERVICE

  I hereby certify that on August 22, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to participating parties; and, I also hereby certify that I have served:

*Terry G. Key ,attorney for plaintiff via his email address* [tkey@chochranfirm.com](mailto:tkey@chochranfirm.com).

I also hereby certify that I have mailed the foregoing documents by United States Postal Service of Pro Se party, *Alvertis Dixon, 3725 Quenby Drive, Montgomery, Alabama 36116-0000*.

                /s/  Chad C. Marchand