IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBIE CLEAVLAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:05CV655-W |
| | ) | (WO) |
| FIDELITY & GUARANTY LIFE | ) | |
| INSURANCE COMPANY/OLD MUTUAL | ) | |
| FINANCIAL NETWORK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER ON MOTION**

Plaintiff, an Alabama resident, commenced this action in the Circuit Court of Montgomery County, Alabama, against a foreign corporation, Fidelity & Guaranty Life Insurance Company/Mutual Financial Network ("Fidelity & Guaranty") and an Alabama resident, Alvertis Dixon.[1] Defendant Fidelity & Guaranty removed the action to this court on the basis of diversity of citizenship, asserting that Dixon is fraudulently joined in this action.[2] This action is now before the court on plaintiff's motion to remand. Upon consideration of the motion, the court concludes that it is due to be denied.

---

[1] Plaintiff also sues fictitious defendants. The citizenship of fictitious defendants is not considered for purposes of removal on the basis of diversity. 28 U.S.C. § 1441(a).

[2] Dixon has not appeared in this action.

## DISCUSSION

*Diversity Jurisdiction*

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. <u>Quackenbush v. Allstate Insurance Co.</u>, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. Thus, with respect to motions to remand cases removed to this court pursuant to 28 U.S.C. § 1441, the law of this circuit favors remand where federal jurisdiction is not absolutely clear. In "deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction, questions or doubts are to be resolved in favor of returning the matter to state court." <u>Burns v. Windsor Insurance Co.</u>, 31 F.3d 1092, 1095 (1994).

Plaintiff seeks compensatory and punitive damages, and alleges that defendant Fidelity & Guaranty wrongfully failed to pay an accidental death benefit in the amount of $100,000.00. (Complaint, ¶¶ 6-17, *ad damnum* clause following ¶ 17). Thus, the amount in controversy is sufficient to support diversity jurisdiction.[3] The sole issue before the court is whether diversity of citizenship exists between the properly joined parties.

In cases removed on the basis of diversity of citizenship, the court does not consider the citizenship of fraudulently joined defendants in determining the existence of jurisdiction. Defendants may demonstrate fraudulent joinder by showing that (1) there is

---

[3] Plaintiff does not argue that the amount in controversy is insufficient to support jurisdiction.

no possibility that the plaintiff can prove a cause of action against the resident defendant; (2) there has been outright fraud in the pleading of jurisdictional facts; or (3) the claim against the nondiverse defendant has no real connection to the claims against the diverse defendants. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)(citations omitted). In the present case, defendant does not allege "outright fraud" in the pleading of jurisdictional facts or that the claims against Dixon have no connection with the claims against the non-diverse defendant. Rather, defendant Fidelity & Guaranty argues that there is no possibility that plaintiff can prove her claims against the resident defendant.

The burden of the removing party is a "heavy one." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A 1981). "The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, *supra*, 154 F.3d at 1287.

The Eleventh Circuit has endorsed a "summary judgment-like procedure for disposing of fraudulent joinder claims." Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir.1989). However, "[t]he jurisdictional inquiry 'must not subsume substantive determination.' . . . When considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under

state law." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

*Plaintiff's Claims Against the Resident Defendant*

Plaintiff alleges that she purchased a policy of insurance on the life of her son, Bertram L. Cleavland, from defendants Fidelity & Guaranty and Dixon, that her son passed away on August 16, 2003, and that Fidelity & Guaranty thereafter refused to pay benefits pursuant to the terms of the life insurance policy. She alleges that "Defendant Alvertis Dixon was the agent of record for Defendant Fidelity & Guaranty Life Insurance Company/Old Mutual Financial Network and sold the subject policy to Plaintiff Bobbie Cleavland." (Complaint, ¶ 4). In Count One, she asserts a bad faith claim against the defendants, alleging that Fidelity & Guaranty intentionally refused to pay pursuant to the terms of the policy when it knew or should have known that there was no reasonable, legitimate, arguable or debatable reason for denying the claim. Count Two is a breach of contract claim against Fidelity & Guaranty and Dixon, alleging breach of the life insurance contract. Defendant argues that, under Alabama law, an agent cannot be liable for his principal's breach of contract and a bad faith tort claim lies only against the insurer, not the agent.

Defendant has filed a copy of an application for a life insurance policy dated June 2003, listing plaintiff as the owner, and signed by Dixon as agent. (Exhibit B to Notice of Removal). With her motion to remand, plaintiff has filed a November 2003 letter from

defendant Fidelity & Guaranty to plaintiff denying her claim for payment of benefits. The letter states that no policy was issued because "there were outstanding requirements of a paramedical exam, urine specimen, and signed HIV consent form" and, therefore, that no death benefit was available. (Exhibit A to Motion to Remand).

In her motion to remand, plaintiff does not directly respond to defendant's argument regarding the viability of her bad faith and breach of contract claims under Alabama law. Instead, she notes that the denial of benefits was based on the failure to obtain a paramedical exam. She argues:

> Plaintiff alleges that Defendant Dixon, as agent, was the party responsible for obtaining the examiner for paramedical exam. Plaintiff expects the evidence to show that it is not the responsibility of the policy purchaser to provide a medical examiner, but rather the agent of the insurance company to coordinate said exam.
>
> Defendant Dixon failed to coordinate the paramedical exam on behalf of Defendant Fidelity.

(Motion to Remand, ¶¶ 4-5). These allegations do not appear in the complaint removed to this court. Plaintiff asks that the court remand this action or, in the alternative, allow plaintiff to amend the complaint "to specifically allege each and every fact that Defendant Dixon did, or failed to do, that would give rise to his liability." (Motion to Remand, p. 3). However, the court may consider only the original complaint in determining whether this action was properly removed. See Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1306 n. 1 (11th Cir. 2001)("For purposes of considering the specific jurisdictional question before

us, we consider only the original complaint, however, because the question of diversity subject matter jurisdiction is determined on the plaintiff's pleadings at the time of removal.")(citations omitted).  Therefore, the court does not consider the allegations first raised in the motion to remand or plaintiff's request for leave to amend in deciding the present motion.

Under Alabama law, a bad faith claim is premised on the existence of an insurance contract and may be brought only against a party to that contract.  <u>Ligon Furniture Company v. O.M. Hughes Insurance, Inc.</u>, 551 So.2d 283, 285 (Ala. 1989).  The same is true of a breach of contract claim.  <u>Id</u>.; <u>Pate v. Rollison Logging Equipment, Inc.</u>, 628 So.2d 337, 343 (Ala. 1993)("Even if considered a broker or an agent, Rollison was not a party to the insurance contracts and, therefore, could not be liable for breach of those contracts.").  Although plaintiff alleges the existence of a contract of insurance between plaintiff and Dixon, it is apparent from both the allegation and the evidence of record that Dixon was acting as the insurance agent, not as the insurer.  <u>See</u> Complaint, ¶ 19 ("Plaintiff entered into a valid contract with Defendants Fidelity and Dixon whereby Plaintiff Cleavland agreed to purchase *from Defendant Fidelity* a life insurance policy.")(emphasis added); Exhibit B to Notice of Removal (life insurance application authorizing payment by bank draft to "Fidelity and Guaranty Life Insurance Company;" money order made out to " F & G Life Insurance"); Exhibit A to Motion to Remand (letter from defendant Fidelity & Guaranty to

plaintiff). Even assuming that plaintiff is able to establish the existence of a life insurance contract with defendant Fidelity & Guaranty, there is no possibility that she can state a valid bad faith or breach of contract claim against defendant Dixon under Alabama law. See Owens v. Life Ins. Co. of Georgia, 289 F. Supp.2d 1319, 1324 (M.D. Ala. 2003); Barkley v. State Farm and Casualty Company, 2005 WL 1587796, *3 (S.D. Ala. Jun. 30, 2005). Defendant has met its burden of establishing that Dixon was fraudulently joined and the claims against Dixon are due to be dismissed on that basis. Thus, this court has diversity jurisdiction over this matter, and this action was properly removed.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that plaintiff's motion to remand (Doc. # 6) is DENIED.

It is further ORDERED that defendant Alvertis Dixon is DISMISSED from this action as fraudulently joined.[4]

DONE, this 16th day of November, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER

---

[4] Plaintiff is not precluded by this order from filing a motion for leave to amend the complaint to allege additional facts and to bring claims against Dixon on the basis of those additional facts. Any such motion must include the proposed amended complaint (see Local Rule 15.1), and the court's decision about whether to allow plaintiff to add Dixon as a defendant, thereby destroying diversity, would be governed by the standards of 28 U.S.C. § 1447(e).

UNITED STATES MAGISTRATE JUDGE